```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

IN RE: ULRICH FELIX ANTON ENGLER,

            Debtor.
_____
ROBERT E. TARDIF, JR., as Trustee
for the Chapter 7 Bankruptcy Estates
of Ulrich Felix Anton Engler and
Private Commercial Office, Inc.,

            Plaintiff,

vs.                             Case No. 2:10-cv-217-FtM-29
                                   Adv. No. 9:09-ap-01026-ALP

FIDELITY NATIONAL FINANCIAL, INC.,
and FIDELITY NATIONAL TIMBER
RESOURCES, INC.,

            Defendants.
_____


## **OPINION AND ORDER**

This matter comes before the Court on the Trustee's Motion to Withdraw the Reference (Doc. #1) filed on March 19, 2010 in the underlying adversary proceeding. Fidelity National Financial, Inc. and Fidelity National Timber Resources, Inc. ("Fidelity" collectively) filed a Response in Opposition (Doc. #1-2) and the Trustee filed a Reply (Doc. #1-4). The Court finds that a determination can be made on the record without the need for oral arguments. Therefore, the Request for Hearing on Motion to Withdraw the Reference of Adversary Proceeding (Doc. #1-3) will be denied.

In the Middle District of Florida, bankruptcy cases are automatically referred to the Bankruptcy Court. See 6:05-mc-163. The automatic reference may be withdrawn, however, under certain circumstances:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). See also 28 U.S.C. § 157(e)(with the express consent of parties, the bankruptcy judge may conduct the jury trial). The "for cause" requirement, while not defined in the statute, "is not an empty requirement." In re Simmons, 200 F.3d 738, 741 (11th Cir. 2000)(citing In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991)). Factors to consider include the goals of advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process. Parklane, at 536 n.5 (citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992 (5th Cir. 1985)).

The Complaint to Avoid and Recover Fraudulent Transfers and for Unjust Enrichment (Doc. #1, Exh. A) was filed on December 28, 2009. Summonses were issued on or about the same day, and defendants appeared by and through a Motion to Dismiss on January 22, 2010. The motion was denied and an Answer and Affirmative

Defenses were filed on March 9, 2010. On March 19, 2010, plaintiff filed a Demand for Jury Trial and the Motion for Withdrawal of Reference. (See Doc. #1-5.)

The Trustee seeks to have the adversary proceeding reference withdrawn, and the District Court conduct the jury trial. Defendants argue that the request to withdraw the reference is untimely, and that the Trustee fails to show "cause" for the permissive withdrawal. The Trustee did not consent to a jury trial before the Bankruptcy Court.

As in In re Evergreen Security, Ltd., 6:02-cv-1247-Orl-31DAB (M.D. Fla. Nov. 19, 2002), the Court finds that the time limitation imposed by Local Rule of the U.S. Bankruptcy Court for the Middle District of Florida 5011-1(b)(2) cannot operate to "constrain this District Court's exercise of jurisdiction." (Id. at Doc. #6, p. 3.) The jury demand and motion for withdrawal of reference were filed simultaneously and within 10 days of defendants' pleading in response to the Complaint. Therefore, the Court finds that the motion is timely made.

The Trustee has not consented to a jury trial before the Bankruptcy Court under Title 28, United States Code, Section 157(e), and upon review, the Court finds that defendants would suffer no prejudice if the jury trial of the adversary proceeding is withdrawn. In fact, defendants suggest that the Bankruptcy Court "can . . . handl[e] the entire instant adversary proceeding up to the pretrial stage and then have the District Court try the

case." (Doc. #1-2, p. 7.)  The Court finds cause shown and will grant the motion to the extent that only the jury trial will be withdrawn.  The case will otherwise be handled by the presiding Bankruptcy judge.

Accordingly, it is now

**ORDERED:**

1.  The Trustee's Request for Hearing on Motion to Withdraw the Reference of Adversary Proceeding (Doc. #1-3) is **DENIED**.

2.  The Trustee's Motion to Withdraw the Reference (Doc. #1) is **GRANTED** and the adversary proceeding reference is withdrawn as to the jury trial and jury selection.  All pre-trial matters, <u>except</u> motions *in limine* or trial related motions and briefs, shall be handled by the Bankruptcy Court.  The undersigned will also conduct the Final Pretrial Conference.

2.  The Clerk shall issue the Standing Order and Related Case and Track Two Notice.  The parties shall submit a joint Case Management Report to the District Court within **TWENTY-ONE (21) DAYS** of this Order.

3.  The District Court will thereafter enter a Case Management and Scheduling Order and submit the same to the Bankruptcy Court.

**DONE AND ORDERED** at Fort Myers, Florida, this ___26th___ day of April, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Hon. Alexander L. Paskay
Clerk, U.S. Bankr. Ct.
Counsel of record